UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON E. PARKER, Jacket #20168,

                      Plaintiff,

    -v-

DISTRICT ATTORNEY THOMAS P. ZUGIBE,
A.D.A. MARIA T. GASTON-DESIMONE,
OFFICER PHILLIP FANTASIA #830 (ROCKLAND
COUNTY DRUG TASK FORCE) & SPRING
VALLEY POLICE DEPT., and HONORABLE
JUDGE ALAN SIMON,

                      Defendants.

No. 16-CV-4265 (KMK)

OPINION & ORDER

Appearances:

Aaron E. Parker
Dannemora, NY
*Pro Se Plaintiff*

Mark L. Schuh, Esq.
Cantina, Mahon, Milligram & Rider, PLLC
Newburgh, NY
*Counsel for Defendants Zugibe and Gaston-DeSimone*

Brian S. Sokoloff, Esq.
Sokoloff Stern LLP
Carle Place, NY
*Counsel for Defendants Fantasia and Simon*

KENNETH M. KARAS, District Judge:

       Pro se Plaintiff Aaron Parker brings this Action against Defendants District Attorney Thomas P. Zugibe ("Zugibe"), Assistant District Attorney Maria T. Gaston-DeSimone ("Gaston-DeSimone"), Officer Phillip Fantasia ("Officer Fantasia"), and Judge Alan Simon ("Judge Simon," and collectively, "Defendants"), pursuant to 42 U.S.C. § 1983, alleging that Defendants

violated his Fourth and Eighth Amendment rights. Before the Court are Defendants' Motions To Dismiss (the "Motions" (Dkt. Nos. 30, 36).) For the reasons to follow, the Motion brought on behalf of Gaston-DeSimone and Zugibe (the "D.A. Defendants") is granted, and the Motion brought on behalf of Officer Fantasia and Judge Simon is granted in part and denied in part.

## I. Background

### A. Factual Background

The following facts are drawn from Plaintiff's Complaint and Amended Complaint, and are taken as true for the purpose of resolving the Motions.[1]

Plaintiff alleges that on September 15, 2015, at approximately 2:00 a.m., Officer Fantasia and the Rockland County drug task force "falsely made a search warrant" and forged Judge Simon's signature in order to enter and search Plaintiff's home. (Compl. § III.B–C (Dkt. No. 1).) During the course of the alleged illegal entry into Plaintiff's home, Officer Fantasia and other officers damaged certain items of Plaintiff's property and seized other items. (*See id.* § III.C; *see also id.* Ex. B (listing the property seized during the search).) Plaintiff alleges that Gaston-DeSimone oversaw the Rockland County drug task force, and authorized Officer Fantasia to execute the search warrant. (*See* Am. Compl. ¶ 1 (Dkt. No. 27).) Zugibe allegedly supervised Gaston-DeSimone's actions and was "very much involved with executing" the search warrant. (*Id.* ¶ 2.)

Plaintiff alleges that Judge Simon violated his constitutional rights because Judge Simon signed a false search warrant and demanded that police officers search Plaintiff's home, which

---

[1] On September 13, 2016, Plaintiff filed a letter purporting to amend the Complaint. (Dkt. No. 27.) The Court construes this submission as supplementing, as opposed to replacing, the Complaint. For ease of reference, the Court will refer to this document as the "Amended Complaint."

2

caused the police officers to submit an application for a search warrant containing false statements. (*See* Compl. § III.C.) It appears that the search warrant Plaintiff alleges that Judge Simon signed is the same search warrant that Officer Fantasia allegedly forged. Once a different judge found out about the forgery and the unlawful search, that judge allegedly dismissed an indictment that was brought against Plaintiff on the ground that Plaintiff's Fourth Amendment rights were violated. (*See id.*)

Plaintiff alleges that five other indictments were filed against him based on "illegal" wiretaps and false warrants, (*see id.*), but does not discuss these other indictments or the facts leading up to the time that the indictments were filed in any detail.

### B. Procedural Background

Plaintiff initiated this Action by filling a Complaint on June 7, 2016. (*See* Dkt. No. 1.) Plaintiff filed the Amended Complaint on September 13, 2016. (*See* Dkt. No. 27.) Pursuant to a memo endorsement, the D.A. Defendants filed their Motion and supporting papers on October 26, 2016. (*See* Dkt. Nos. 30–33.) Officer Fantasia and Judge Simon filed their Motion and supporting papers on October 28, 2016. (*See* Dkt. Nos. 36–39.) Plaintiff filed opposition papers on November 10, 2016. (*See* Dkt. No. 41.) The D.A. Defendants filed reply papers on December 7, 2016. (*See* Dkt. No. 42.) Judge Simon and Officer Fantasia did not file a reply.

## II. Discussion

### A. Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his [or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (alteration and internal quotation marks omitted).  Instead, the Supreme Court has emphasized that "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563.  A plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  But if a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed."  *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (second alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

      For purposes of Defendants' Motions, the Court is required to consider as true the factual allegations contained in the Complaint and Amended Complaint.  *See Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) ("We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." (internal quotation marks and italics omitted)); *Gonzalez v. Caballero*, 572 F. Supp. 2d 463, 466 (S.D.N.Y. 2008) (same).  "In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken."  *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted).

Because Plaintiff is proceeding pro se, the Court construes his "submissions . . . liberally" and interprets them "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). Furthermore, it is appropriate to consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted); *see also Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (noting that a court may consider "factual allegations made by a pro se party in his papers opposing the motion" (italics omitted)); *Rodriguez v. Rodriguez*, No. 10-CV-891, 2013 WL 4779639, at *1 (S.D.N.Y. July 8, 2013) ("Although the [c]ourt is typically confined to the allegations contained within the four corners of the complaint, when analyzing the sufficiency of a pro se pleading, a court may consider factual allegations contained in a pro se litigant's opposition papers and other court filings." (citation and internal quotation marks omitted)).

B.  Analysis

1.  The Claims Asserted Against the District Attorney Defendants

The D.A. Defendants argue that this Action must be dismissed on several grounds: (1) Plaintiff has failed to state a claim; (2) Plaintiff's claims are barred by the Eleventh Amendment; (3) the D.A. Defendants are entitled to absolute immunity; and (4) the claims are baseless because Judge Simon actually signed the search warrant. (*See generally* D.A. Defs.' Mem. of Law in Supp. of Mot. To Dismiss (Dkt. No. 32).)

It is unclear what claims Plaintiff is attempting to assert against the D.A. Defendants because the D.A. Defendants are not alleged to have violated any of Plaintiff's constitutional rights. Plaintiff alleges that the D.A. Defendants authorized the search of Plaintiff's home, (Am. Compl. ¶¶ 1–2), but there is no indication that the D.A. Defendants knew anything about the alleged falsehoods contained in the search warrant. Moreover, Plaintiff does not allege that the D.A. Defendants participated in the illegal wiretaps Plaintiff vaguely refers to in the Complaint. (*See* Compl. § III.C.) Without more information, the Court holds that Plaintiff has not stated a claim against the D.A. Defendants. *See Iqbal*, 556 U.S. at 678 (holding that "an unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient to state a claim).

Even if Plaintiff had adequately stated a claim against the D.A. Defendants, the claims asserted against them in their official capacities would be barred by the Eleventh Amendment and the claims asserted against them in their individual capacities would be barred by the doctrine of absolute prosecutorial immunity. "The Eleventh Amendment bars suits for damages against states, state agencies and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity." *Hensler v. N.Y. State Dep't of Envtl. Conservation*, No. 16-CV-3445, 2017 WL 2589311, at *3 (E.D.N.Y. June 14, 2017). It is well-settled that New York State has not waived its sovereign immunity in § 1983 suits. *See, e.g.*, *Marino v. City Univ. of N.Y.*, 18 F. Supp. 3d 320, 335 (E.D.N.Y. 2014) ("It is well settled that Congress did not abrogate the States' sovereign immunity by enacting § 1983 and New York has not waived its immunity."); *Goonewardena v. New York*, 475 F. Supp. 2d 310, 329 (S.D.N.Y. 2007) ("The State of New York has not waived its sovereign immunity in regard to [§] 1983 actions nor has its sovereign immunity been abrogated."). Accordingly, the claims asserted against the D.A. Defendants in their official capacities are barred by the Eleventh

Amendment. *See Brims v. Ramapo Police Dep't*, No. 11-CV-712, 2011 WL 7101233, at *7 (S.D.N.Y. Dec. 23, 2011) ("[A]bsent any indication that the State or the District Attorney's Office has waived its rights under the Eleventh Amendment—and there is no evidence that it has—the Eleventh Amendment bars [the] plaintiff's claims against [an assistant district attorney] in his official capacity."); *Eisenberg v. Dist. Attorney of County of Kings*, 847 F. Supp. 1029, 1035 (E.D.N.Y. 1994) ("[T]o the extent that [the plaintiff] has asserted claims against the [d]istrict [a]ttorney in his official capacity, the claims against the [d]istrict [a]ttorney are construed as claims against the state and must be dismissed as barred by the Eleventh Amendment.").

Additionally, "[a]ll prosecutors are afforded absolute immunity under federal law for actions undertaken as part of the prosecution." *Brims*, 2011 WL 7101233, at *7; *see also Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) ("It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." (citation and internal quotation marks omitted)). "A prosecutor engaging in prosecutorial activities intimately associated with the judicial phase of the criminal process loses the absolute immunity he would otherwise enjoy only if he acts without any colorable claim of authority." *Shmueli*, 424 F.3d at 237 (internal quotation marks omitted). "This immunity exists regardless of the unreasonableness of the action or the actual malice in deciding to prosecute." *Brims*, 2011 WL 7101233, at *7. Here, Plaintiff alleges that the D.A. Defendants authorized a search that Plaintiff contends was impermissible. (*See* Am. Compl. ¶¶ 1–2.) It is not entirely clear what role the D.A. Defendants played in the process leading up to the issuance of the search warrant, but even if they drafted the warrant, district attorneys are "entitled to absolute immunity for the . . .

7

function of drafting and obtaining [a] search warrant." *E. Coast Novelty Co. v. City of New York*, 809 F. Supp. 285, 291 (S.D.N.Y. 1992); *see also Kanciper v. Lato*, 989 F. Supp. 2d 216, 230 (E.D.N.Y. 2013) (holding that an attorney's "role in the procurement of [a] search warrant[] is protected by absolute immunity").[2] Accordingly, the claims asserted against the D.A. Defendants are barred by the doctrine of prosecutorial immunity.

Because Plaintiff's claims against the D.A. Defendants are barred by the Eleventh Amendment and prosecutorial immunity, the Court need not consider the validity of the warrant to adjudicate these claims.[3]

### 2. The Claims Asserted Against Officer Fantasia

Plaintiff asserts two related claims against Officer Fantasia: (1) Officer Fantasia violated the Fourth Amendment when he searched Plaintiff's residence, and (2) during the course of the search, Officer Fantasia damaged Plaintiff's property. The Court will address each of these contentions in turn.

---

[2] There is nothing in the Complaint or Amended Complaint suggesting that Plaintiff is alleging that the D.A. Defendants participated in the execution of the search itself, which would not be covered by prosecutorial immunity. *See Kanciper*, 989 F. Supp. 2d at 230–31 (holding that a prosecutor was not entitled to immunity for "taking part in the search of the [p]laintiff's property," because searches and seizures are "normally police functions" and "do not become prosecutorial functions merely because a prosecutor has chosen to participate" (internal quotation marks omitted)).

[3] In his submissions, Plaintiff alleges that five indictments were filed against him, (*see* Compl. § III.C), and that "[t]he district attorney" filed a "weapons charge" against Plaintiff as a ploy to coerce Plaintiff into pleading guilty to certain drug trafficking offenses. (Pl.'s Opp'n to Defs.' Mots. To Dismiss 1 (Dkt. No. 41).) These contentions do not defeat the D.A. Defendants' entitlement to absolute immunity because "it has long been settled that prosecutors are entitled to immunity from § 1983 liability for initiating a prosecution." *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995).

a. Validity of the Search

Plaintiff asserts that Officer Fantasia violated the Fourth Amendment during the search of his home on September 15, 2015. (*See* Compl. § III.C.) Plaintiff alleges alternatively that Officer Fantasia either provided a false search warrant to Judge Simon, which Judge Simon then signed, (*see id.* ("[I]'m also accusing Honorable Judge of signing a false search warrant . . . .")), or that Officer Fantasia created a fake search warrant upon which he forged Judge Simon's signature, (*see id.* ("These people falsely made a search warrant [and] forged a signature to enter my home . . . .")). Officer Fantasia contends that Plaintiff has not alleged a viable Fourth Amendment claim because the search warrant was actually signed by Judge Simon and the warrant application was supported by probable cause. (*See* Def. Fantasia's & Judge Simon's Mem. of Law in Supp. of Mot. To Dismiss ("Defs.' Mem.") 5–7 (Dkt. No. 38).)

No Party disputes that a search warrant authorizing the search of Plaintiff's residence actually exists. Indeed, Plaintiff has attached a copy of the search warrant to the Complaint. (*See* Compl. Ex. A.) The question, then, is whether the warrant is valid. "To prevent . . . general, exploratory rummaging in a person's belongings and the attendant privacy violations, the Fourth Amendment provides that a warrant may not be issued unless probable cause is properly established and the scope of the authorized search is set out with particularity." *United States v. Galpin*, 720 F.3d 436, 445 (2d Cir. 2013) (citations and internal quotation marks omitted). Thus, a search warrant must (1) be based on probable cause, (2) be supported by oath or affirmation, (3) describe with particularity the place to be searched, and (4) describe with particularity the things to be seized. *See Groh v. Ramirez*, 540 U.S. 551, 557 (2004).

"Probable cause for a search exists 'where the known facts and circumstances are sufficient to warrant a [person] of reasonable prudence in the belief that contraband or evidence

9

of a crime will be found.'" *United States v. Feng Ling Liu*, No. 12-CR-934, 2014 WL 101672, at *3 (S.D.N.Y. Jan. 10, 2014) (alteration in original) (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)). "[T]he issuance of a warrant by a neutral magistrate, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause . . . ." *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991). "To rebut that presumption, a plaintiff must make a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit and that the allegedly false statement was necessary to the finding of probable cause." *Lynch ex rel. Lynch v. City of Mount Vernon*, 567 F. Supp. 2d 459, 466 (S.D.N.Y. 2008) (internal quotation marks omitted); *see also Rivera v. United States*, 928 F.2d 592, 602 (2d Cir. 1991) ("A plaintiff who argues that a warrant was issued on less than probable cause faces a heavy burden.").

Here, under one theory of the case, Plaintiff alleges that the search warrant contained falsehoods. (*See* Compl. § III.C.) Plaintiff has not, however, identified any false statements in the warrant or the warrant application. "Unsupported conclusory allegations of falsehood or material omission cannot support a challenge to the validity of [a] warrant; rather, the plaintiff must make specific allegations supported by an offer of proof." *Calderon v. City of New York*, 138 F. Supp. 3d 593, 604 (S.D.N.Y. 2015) (internal quotation marks omitted).[4] Plaintiff's bald assertion that the warrant contained false statements does not plausibly state a claim that Officer

---

[4] This requirement is derived from the "substantial preliminary showing" that a criminal defendant must make to suppress the fruits of a court-authorized search. *Rivera*, 928 F.2d at 604 (quoting *Franks v. Delaware*, 438 U.S. 154, 155 (1978)); *see also Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994) (noting that the *Franks* standard applies to challenges to a search warrant in a civil case).

10

Fantasia "knowingly and intentionally, or with reckless disregard for the truth, made a false statement." *Lynch*, 567 F. Supp. 2d at 466 (internal quotation marks omitted). Accordingly, Plaintiff's claim that the warrant contained false statements is dismissed for failure to state a claim.[5]

Under an alternative theory, Plaintiff claims that Officer Fantasia forged the warrant and Judge Simon's signature. (*See* Compl. § III.C.) This allegation is sufficient to state a claim because "searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 586 (1980) (internal quotation marks omitted). Officer Fantasia argues that the Court should reject this allegation because (1) Officer Fantasia has proof that the warrant was actually signed by Judge Simon, (*see* Defs.' Mem. 7), and (2) Plaintiff's allegations are internally inconsistent because Plaintiff alleges that Officer Fantasia forged Judge Simon's signature and that Judge Simon actually signed the warrant, (*see id.*; *see also* Compl. § III.C ("These people falsely made a search warrant & forged a signature to enter my home . . . ."); *id.* ("I'm also accusing Honorable Judge of signing a false search warrant . . . .")).

Officer Fantasia's proof that the warrant was actually signed by Judge Simon consists of an affidavit from the Village of Spring Valley Court Clerk, Elsie Cheron ("Cheron"), which attaches a copy of the search warrant and states that search warrants on file in the clerk's office are received directly from the Village of Spring Valley Justice. (*See* Att'y Decl. in Supp. of Defs.' Mot. To Dismiss Ex. C ¶ 4 (Dkt. No. 37).) The Court, however, cannot consider the

---

[5] Officer Fantasia argues that the Court should consider his sworn warrant application as proof of the fact that the warrant was indeed supported by probable cause. (*See* Defs.' Mem. 6.) The Court declines this invitation because the warrant application was not "appended to the complaint or incorporated in the complaint by reference." *Leonard F.*, 199 F.3d at 107 (internal quotation marks omitted).

contents of this affidavit at this stage of the litigation. In deciding a motion to dismiss, the Court "must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F.*, 199 F.3d at 107 (internal quotation marks omitted). Thus, Officer Fantasia's contention that the warrant was actually signed by Judge Simon does not prove meritorious at this stage.[6]

Officer Fantasia's second argument also is without merit. "It is well-settled, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure, that a party is entitled to plead inconsistent positions in the alternative." *Henry v. U.S. Dep't of Homeland Sec.*, No. 10-CV-2164, 2011 WL 477719, at *7 (E.D.N.Y. Feb. 2, 2011); *see also Henry v. Daytop Vill., Inc.*, 42 F.3d 89, 95 (2d Cir. 1994) (holding that under the predecessor version of Rule 8(d)(2), "[t]he inconsistency may lie either in the statement of the facts or in the legal theories adopted" (internal quotation marks omitted)); *2004 Stuart Moldaw Tr. v. XE L.I.F.E., LLC*, 642 F. Supp. 2d 226, 240 (S.D.N.Y. 2009) ("I do note, however, that while Rule 8(d)(2) permits parties to plead inconsistent factual allegations, an alternative pleading is nonetheless subject to the terms of Rule 11."). The Court construes Plaintiff to be proceeding under two separate theories of the case: (1) Judge Simon signed a warrant containing falsehoods, or (2) Officer Fantasia forged the judge's signature. Given the Second Circuit's admonition that the Court interpret a plaintiff's submissions "to raise the strongest arguments that they *suggest*," *Triestman*, 470 F.3d at 474, the Court will accept as true for purposes of the Motions that Officer Fantasia forged Judge Simon's signature.

---

[6] Although the Court cannot consider Cheron's affidavit at this stage of the proceeding, the Court notes that it may present an insurmountable obstacle to Plaintiff's claims at summary judgment, because Plaintiff has not explained on what basis he learned that Judge Simon's signature was forged.

Moreover, the fact that Officer Fantasia allegedly forged Judge Simon's signature appears to be Plaintiff's main contention because he reiterates it throughout his submissions. (*See* Am. Compl. ¶ 3 ("Said former judge's alleged signatures appear to be forged, thus rendering the alleged search warrant void in its entirety."); Pl.'s Opp'n to Defs.' Mots. To Dismiss 2 (Dkt. No. 41) ("Plaintiff maintains the illegality and ultimate 'forgery' of the search warrant in question.").) Accordingly, the Court declines to dismiss the Fourth Amendment claim Plaintiff has asserted against Officer Fantasia.[7]

### b. Property Damage

"Excessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment . . . ." *United States v. Ramirez*, 523 U.S. 65, 71 (1998). "However, it is well recognized that officers executing search warrants on occasion must damage property in order to perform their duty," and "before any due process liability can be imposed for property damage occurring in a lawful search, it must be established that the police acted unreasonably or maliciously in bringing about the damage." *Smith v. City of New York*, No. 04-CV-3286, 2010 WL 3397683, at *13 (S.D.N.Y. Aug. 27, 2010) (alternation and internal quotation marks

---

[7] Officer Fantasia additionally asserts that he is entitled to qualified immunity. (*See* Defs.' Mem. 9–10.) "Under the doctrine of qualified immunity, government actors may be shielded from liability for civil damages if their conduct did not violate [the] plaintiff's clearly established rights, or if it would have been objectively reasonable for the official to believe that his conduct did not violate [the] plaintiff's rights." *Rodrigues v. Inc. Village of Mineola*, 16-CV-1275, 2017 WL 2616937, at *4 (E.D.N.Y. June 16, 2017) (internal quotation marks omitted). The Court concludes that it is premature to determine whether Officer Fantasia is entitled to qualified immunity because Plaintiff has alleged a violation of the Fourth Amendment—the use of a forged search warrant—and it is not objectively reasonable for an officer to allegedly forge a warrant and then use that forged warrant to conduct an illegal search. *See id.* at *5 ("Because the evidence supporting a finding of qualified immunity is normally adduced during the discovery process and at trial, the defense of qualified immunity usually cannot support the grant of a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim upon which relief can be granted." (alternation and internal quotation marks omitted)). Of course, Officer Fantasia is free to reassert this defense at a later stage of the proceedings.

13

omitted), *aff'd sub nom. Smith v. Tobon*, 529 F. App'x 36 (2d Cir. 2013); *see also Cody v. Mello*, 59 F.3d 13, 16 (2d Cir. 1995) (same). Moreover, there must be allegations that "more than ordinary disarray and damage incident to the execution of the warrant occurred." *Bender v. Alvarez*, No. 06-CV-3378, 2009 WL 112716, at *7 (E.D.N.Y. Jan. 16, 2009) (internal quotation marks omitted). Here, Plaintiff alleges only that Officer Fantasia "damaged" his property, but does not identify any of the property that was damaged. (Compl. § III.C.) Although the Complaint is completely devoid of an allegation that something more than ordinary disarray and damage occurred, Officer Fantasia's contentions regarding this claim are premised entirely on the fact that the search of Plaintiff's residence was legal. (*See* Defs.' Mem. 7–8.)[8] As the Court has concluded that Plaintiff has alleged a plausible Fourth Amendment violation, the Court declines to dismiss this claim.[9]

---

[8] Indeed, every case cited by Officer Fantasia involves property damage occurring during execution of a valid search warrant or an otherwise lawful search. *See Vaher v. Town of Orangetown*, 133 F. Supp. 3d 574, 591 (S.D.N.Y. 2015) (describing destruction of property occurring "in the course of an otherwise valid search," including while "executing search warrants" (internal quotation marks omitted)); *Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 290 (S.D.N.Y. 2015) (analyzing standards for "property damage occurring in a lawful search" and concluding that plaintiff plausibly alleged property damage "beyond what was necessary to effectuate [the] search . . . pursuant to the terms of the warrant" (alteration and internal quotation marks omitted)); *Dockery v. Tucker*, No. 97-CV-3584, 2008 WL 2673307, at *10 (E.D.N.Y June 26, 2008) (collecting cases involving property damage occurring during execution of search warrants). The Court is aware of no authority excusing officers from liability for property damage occurring during a warrantless or otherwise unlawful search. *Cf. Townes v. City of New York*, 176 F.3d 138, 148 (2d Cir. 1999) ("Victims of unreasonable searches . . . may recover damages directly related to the invasion of their privacy—including . . . property damage.").

[9] The Court does not construe Plaintiff's Complaint or Amended Complaint to be asserting any additional causes of action against Officer Fantasia, as Officer Fantasia is alleged only to have participated in the search of Plaintiff's residence. (*See generally* Compl.) Although Plaintiff mentions that five indictments were issued based on illegal wiretaps, (*id.* § III.C), Plaintiff has not alleged that Officer Fantasia participated in those events.

14

### 3. The Claims Asserted Against Judge Simon

Plaintiff alleges that Judge Simon directed the police to search Plaintiff's home and that Judge Simon signed a warrant containing false statements. (*See* Compl. § III.C.)[10] Judge Simon argues that the claims asserted against him must be dismissed because he is entitled to judicial immunity. (*See* Defs.' Mem. 10–11.)

"Since the seventeenth century, the common law has immunized judges from damage claims arising out of their judicial acts." *Tucker v. Outwater*, 118 F.3d 930, 932 (2d Cir. 1997). "The cloak of immunity is not pierced by allegations of bad faith or malice, even though unfairness and injustice to a litigant may result on occasion," *id.* (citation and internal quotation marks omitted), and can be overcome "only if the court is alleged to have taken non-judicial actions or if the judicial actions taken were in the complete absence of all jurisdiction," *Radford v. Crimi*, No. 16-CV-6441, 2017 WL 1106932, at *1 (W.D.N.Y. Mar. 23, 2017) (internal quotation marks omitted); *see also Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2005) ("[I]f the relevant action is judicial in nature, the judge is immune so long as it was not taken in the complete absence of jurisdiction.").

During the time giving rise to this Action, Judge Simon served as Village Justice for the Village of Spring Valley.[11] It is within this capacity that Judge Simon allegedly signed the search warrant. Judge Simon is entitled to judicial immunity for these actions because "the issuance of a search warrant is unquestionably a judicial act." *Burns v. Reed*, 500 U.S. 478, 492 (1991); *see also Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("Actions that are judicial in

---

[10] Despite Plaintiff's allegations to the contrary, the Court assumes for purposes of this section that Judge Simon signed the search warrant. Plaintiff's other theory, that Officer Fantasia forged Judge Simon's signature, does not plausibly state a claim against Judge Simon.

[11] Judge Simon no longer serves in this capacity. (*See* Compl. Ex. D.)

15

nature include issuing a search warrant . . . ."). Accordingly, the claims asserted against Judge Simon are dismissed.

### 4. Plaintiff's State Law Claims

Plaintiff also may be attempting to assert causes of action under state law. "State claims brought under state law in federal court are subject to state procedural rules." *Coggins v. County of Nassau*, 988 F. Supp. 2d 231, 250 (E.D.N.Y. 2013). New York General Municipal Law § 50-i "provides that a plaintiff must commence any action against a county for 'personal injury' within one year and [90] days from the claim's accrual." *Id.* (quoting N.Y. Gen. Mun. Law § 50-i(1)). Claims for assault, battery, and false imprisonment are subject to this requirement. *See id.* at 250 n.11 (noting that personal injury includes "malicious prosecution, assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff, or of another"). Section 50-e(1) "requires that a notice of claim be filed within [90] days of the incident giving rise to the claim." *Id.* These same conditions apply to suits against employees of a county or municipality. *See Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 396 (S.D.N.Y. 2013) (noting that "filing a [n]otice of [c]laim with a municipality is a condition precedent to commencing a tort claim against any employee of that municipality"). Plaintiffs are required to plead compliance with these sections in their complaints. *See Horvath v. Daniel*, 423 F. Supp. 2d 421, 423 (S.D.N.Y. 2006) ("A plaintiff must plead in the complaint that: (1) the [n]otice of [c]laim was served; (2) at least [30] days has elapsed since the [n]otice of [c]laim was filed and before the complaint was filed; and (3) in that time the defendant has neglected to or refused to adjust or to satisfy the claim.").

Plaintiff has not alleged that he filed a notice of claim prior to commencing this Action. Therefore, any claims premised on state law are dismissed. *See Smith*, 2010 WL 3397683, at

16

*15 ("The notice of claim requirements are strictly construed, and a plaintiff's failure to comply with the mandatory New York statutory notice-of-claim requirements generally results in dismissal of his claims." (internal quotation marks omitted)).

### 5. Plaintiff's Other Claims

Plaintiff asserts that his Eighth Amendment rights are being violated and that he is being unlawfully imprisoned. (*See* Compl. § III.C.) On this point, Plaintiff alleges only that his rights are being violated because he is being imprisoned on the basis of illegally seized evidence. (*See id.*) Plaintiff has not, however, alleged the personal involvement of any of the Defendants named in the Complaint in the conduct giving rise to these alleged violations. Accordingly, Plaintiff's Eighth Amendment and false imprisonment claims are dismissed. *See Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) ("It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, inter alia, the defendant's personal involvement in the alleged constitutional deprivation." (italics omitted)); *Lovick v. Schriro*, No. 12-CV-7419, 2014 WL 3778184, at *3 (S.D.N.Y. July 25, 2014) (dismissing § 1983 claims where the complaint contained "no allegations whatsoever indicating [the defendants] were personally involved in the purported violations" of the plaintiff's constitutional rights); *Robinson v. City of New York*, No. 10-CV-4947, 2011 WL 318093, at *3 (E.D.N.Y. Jan. 31, 2011) (noting that a plaintiff "must name individual defendants who were personally involved in the wrongdoing or misconduct" in order to state a claim under § 1983), *reconsideration denied*, 2011 WL 795734 (E.D.N.Y. Mar. 1, 2011).[12]

---

[12] It is possible that Plaintiff intended to assert these claims against the D.A. Defendants. If so, these claims would be barred by the doctrine of prosecutorial immunity. *See Shmueli*, 424 F.3d at 236 ("It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." (citation and internal quotation marks omitted)).

### III. Conclusion

For the foregoing reasons, the D.A. Defendants' Motion is granted, and the Motion brought on behalf of Officer Fantasia and Judge Simon is granted in part and denied in part. Plaintiff may, within 30 days from the date of this Opinion, file an amended pleading addressing the deficiencies identified above. Plaintiff is advised that the failure to comply with this deadline will likely result in the dismissal of the claims asserted against the D.A Defendants and Judge Simon with prejudice. If Plaintiff chooses to file an amended pleading, he must specify the role that each individual played in the conduct that allegedly violated his rights. Plaintiff must include all of his allegations in the amended pleading and may not rely on later submissions to supplement the factual allegations. If Plaintiff does not file an amended pleading, the case will proceed only on the claim that Officer Fantasia violated Plaintiff's Fourth Amendment rights by forging Judge Simon's signature on a search warrant and searching Plaintiff's residence in reliance on the forged warrant. In the event that Plaintiff does not file an amended pleading, Officer Fantasia shall file an Answer within 60 days from the date of this Opinion.

The Clerk of Court is directed to terminate the pending Motions, (Dkt. Nos. 30, 36), and to mail a copy of this Opinion to Plaintiff.

SO ORDERED.

Dated: September 26, 2017
White Plains, New York

KENNETH M. KARAS
United States District Judge